**CHENG YUN LIU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 04–3980–ag.

United States Court of Appeals, Second Circuit.

Dec. 23, 2005.

Yee Ling Poon, Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, NY, for Petitioner.

Ann C. Roberts, Assistant United States Attorney (Richard B. Roper, United States Attorney for the Northern District of Texas, on the brief), United States Attorney's Office for the Northern District of Texas, Lubbock, TX, for Respondent.

PRESENT: JON O. NEWMAN, DENNIS JACOBS and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Cheng Yun Liu, through counsel, petitions for review of a BIA decision denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Petitioner does not challenge the denial of her withholding of removal claim in this Court; it is therefore waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540,

542 n. 1 (2d Cir.2005). As for her asylum claim, petitioner challenges only the IJ's conclusion that petitioner had failed to prove a well-founded fear of persecution based on the IJ's finding that petitioner's fear of persecution, while "subjectively genuine," was not "objectively reasonable." *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999) ("[A][w]ell-founded fear involves both a subjective and an objective component.") (internal quotation marks omitted).

■ Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision directly. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary . . . .") (emphasis added); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) ("[W]e will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole.") (internal quotation marks omitted). The scope of our review under the substantial evidence standard is "exceedingly narrow," and "we may grant a petition for review only if no reasonable factfinder could fail to find the requisite fear of persecution." *Abankwah v. INS,* 185 F.3d at 23 (internal quotation marks omitted).

Petitioner raises the following arguments against the IJ's denial of her asylum claim: (1) the IJ used an incorrect legal standard in determining that petitioner did not have a well-founded fear of persecution, and (2) the IJ's finding that petitioner had failed to demonstrate an "objectively reasonable" fear of persecution is not supported by substantial evidence because it conflicts with documents in the record and with petitioner's testimony.

■ Petitioner maintains that the IJ committed legal error by evaluating whether petitioner "would be persecuted" upon her return to China, rather than conducting a less stringent inquiry into whether petitioner faced a "reasonable likelihood" of persecution. Although the transcript of the IJ's oral decision does indicate that the IJ used the verbal formulation "would be persecuted" once in evaluating petitioner's asylum claim, J.A. at 47, other closely related statements in the IJ's decision demonstrate that the IJ was well aware of, and correctly applied, the appropriate legal standard in petitioner's case. *See* J.A. at 46 ("The real issue in this case is whether or not [petitioner] faces possible persecution should she return to China based upon her religion that she's a Christian."); *id.* at 47 ("The objective component requires a showing by credible, direct, and specific evidence in [the] record of facts that would support a reasonable fear of persecution."). Accordingly, because we are not left in doubt that the IJ applied the correct legal standard and that the IJ would adhere to his decision were we to remand, any error here by the IJ was harmless. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401–02 (2d Cir.2005).

■ Petitioner also challenges the IJ's denial of her asylum claim as unsupported by substantial evidence. The IJ, relying on background materials regarding current country conditions in China, found that Christianity is one of "a number of recognized religions in China," but acknowledged that petitioner "may encounter certain problems in that she might be required to attend [a] church that is licensed or authorized to practice by the Chinese government." J.A. at 47. On appeal, petitioner points to her testimony before the IJ in which she indicated that the Christianity practiced in churches that

are licensed by the Chinese government does not represent *"her* religion," but rather, a "false" form of Christianity. Pet'r's Br. at 15–17; Pet'r's Reply Br. at 1. Petitioner's subjective beliefs as to her *particularized* practice of Christianity, however, are insufficient to meet her burden of demonstrating that she faces an "objectively reasonable" fear of persecution as a Christian. Likewise, the IJ did not err in his assessment of petitioner's claims in light of the supporting documentation provided by petitioner. The IJ indicated that he had considered the relevant "background material" on at least three occasions during his decision, specifically referencing the 2001 International Religious Freedom Report and the 1998 and 2003 State Department country reports on China. *See* J.A. at 47. Although petitioner contends that the IJ should have relied on other aspects of the documentary record instead, an IJ is not required to enumerate and evaluate each item of evidence, piece by piece, particularly where, as here, his decision is supported by substantial evidence in the record considered as a whole.

▮ Finally, although petitioner did not effectively raise it before the BIA, the BIA decided petitioner's CAT claim. Therefore, the claim is deemed exhausted, and it is properly raised before this Court. The IJ denied petitioner's CAT claim on the grounds that she had failed to provide sufficient evidence showing that it was more likely than not that she would be tortured if returned to China. Although the background materials explain that Christians in China often face difficulties when attempting to practice their religion, the materials, in conjunction with petitioner's testimony, do not support a finding that it is more likely than not petitioner will be tortured. Although torture under a CAT claim need not arise on account on any enumerated ground, petitioner here

has failed to show that she would be subject to torture on any ground. Accordingly, the IJ's denial of petitioner's CAT claim is supported by substantial evidence.

\* \* \* \*

We have carefully considered petitioner's arguments and find each of them to be without merit. Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).